IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM SENTELL DAWKINS,

    Defendant.

No. 98-10053-T

ORDER DENYING IRREGULAR CRIMINAL MOTION

On March 10, 2003, defendant William Dawkins, Bureau of Prisons ("BOP") inmate number 16426-076, an inmate at the Federal Correctional Institution in Memphis, filed an irregular motion in his closed criminal case seeking postponement of his obligation to pay restitution.

On June 21, 1000, Dawkins pled guilty to two counts of interference with commerce by threats or violence (robbery), in violation of 18 U.S.C. § 1951 (counts 9 and 10), one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(count 11), and theft of firearms from interstate commerce, in violation of 18 U.S.C. § 924(l)(count fourteen).  On April 21, 2000, the Court imposed concurrent sentences of forty six months on counts nine, ten, and fourteen, and a sentence of sixty months imprisonment on count 11, to be served consecutively to the sentences imposed on counts nine, ten, and fourteen.  The Court entered its judgment on April 24, 2000. Defendant did not appeal or file a motion pursuant to 28 U.S.C. § 2255.

The defendant has cited no authority that would permit this Court to postpone payment of the restitution imposed.  Pursuant to 18 U.S.C. § 3664(f)(3)(A), "[a] restitution

order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, or a combination of payments at specified intervals and in-kind payments." Moreover,

> [a] restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

Id., § 3664(f)(3)(B). No provision of the statute authorizes the sentencing judge to defer even nominal restitution payments until an offender's release from imprisonment. Accordingly, the irregular motion is DENIED.

IT IS SO ORDERED this 25th day of October, 2005.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 282 in case 1:98-CR-10053 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

William Sentell Dawkins
Federal Correctional Institute
16426-076
P.O. Box 34550
Memphis, TN 38184--055

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT